United States District Court
Southern District of Texas

**ENTERED**

May 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ELVIN JOSUE MORALES-GUTIERREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-573 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |

## ORDER

Petitioner, a Honduran national in ICE custody, brings this 28 U.S.C. § 2241 Petition challenging his continued detention (Dkt. No. 1). Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioner's writ.

## I.     BACKGROUND

Petitioner, an undocumented alien, is currently detained at the Rio Grande Processing Center in Laredo, Texas (Dkt. No. 1 at 2, ¶ 1). On February 2, 2026, an Immigration Judge ("IJ") ordered him removed from the United States (Dkt. Nos. 1 at 2, ¶ 1; 1-2 at 3–4; 8 at 2). Petitioner appealed his final order of removal, and the Board of Immigration Appeals ("BIA") dismissed the appeal on March 31, 2026 (Dkt. Nos. 1-2 at 4; 8 at 2).

## II.     DISCUSSION

Under 28 U.S.C. § 2241(c)(3), a detainee may seek habeas relief if they are "in custody in violation of the Constitution or laws or treaties of the United States." "The petitioner 'bears the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [their] burden of proof by a preponderance of the evidence.'" *Puertas-Mendoza v. Bondi*, No. SA-25-CV-00890-XR, 2025 WL 3142089, at *1 (W.D. Tex. Oct. 22, 2025) (Rodriguez, J.)

1

(quoting *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025)).

Here, Petitioner's order of removal became final when the BIA dismissed his appeal on March 31, 2026. *See* 8 C.F.R. § 1241.1(a) (an order of removal becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). He filed the instant habeas petition a mere three days later. But the statutory framework affords the Government ninety days, from the date an order becomes administratively final, to effectuate an alien's removal. § 1231(a)(1)(A). "Congress has expressly authorized the detention of noncitizens during this initial 90-day removal period to effectuate removal, and such detention is presumptively constitutional. Because DHS is statutorily required to detain Petitioner during this period, Petitioner's writ is premature." *Fonseca v. Vergara*, No. 5:26-CV-00691-MA, 2026 WL 475299, at \*1 (W.D. Tex. Feb. 18, 2026) (Alvarez, J.) (citations and footnotes omitted).

### III.     CONCLUSION

Accordingly, Petitioner's 28 U.S.C. § 2241 writ of habeas corpus (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE**. Respondents' Motion to Dismiss or Alternatively, Motion for Summary Judgment (Dkt. No. 8) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** May 5, 2026.

Marina Garcia Marmolejo
United States District Judge

2